IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROSE SANGUTEI,                              )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )        Case No.  2:15-cv-09936
                                            )
                                            )
BICKFORD SENIOR LIVING GROUP, LLC,          )
                                            )
            Defendant.                      )

## COMPLAINT

COMES NOW Plaintiff Rose Sangutei, by and through undersigned counsel, and for her Complaint against Defendant Bickford Senior Living Group, LLC ("Bickford") alleges and states as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction over the subject matter of this lawsuit is proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a and 42 U.S.C. § 1981.  Pendant jurisdiction over claims arising under state law is proper.

2.      Plaintiff's claims and causes of action in this suit in equity and in law arise under the Constitution and laws of the United States, specifically the Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1988; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Civil Rights Act of 199l, 42 U.S.C. § 1981a and 42 U.S.C. § 1981.

3.      This cause of action arose in Johnson County, Kansas. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391.

4.      The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and other costs.

**PARTIES**

5.      Plaintiff is a female and is a resident of Kansas City, Missouri. Plaintiff is of African national origin and race, having been born in Africa. At all times relevant, Plaintiff was a member of a protected class based on her sex, race, and her national origin.

6.      Defendant is a corporation, active and in good standing in the State of Kansas and at all times relevant herein was operating a business with a facility at 13795 South Mur-Len Road, Olathe, Kansas, 66062. At all relevant time periods herein, Defendant was Plaintiff's employer.

7.      Defendant and its management was an employer within the meaning of 42 U.S.C. § 1981a, Title VII, 42 U.S.C. § 2000e(b), and 42 U.S.C. § 1981. Said defendant and its management at all times relevant herein, discriminated, harassed and created a hostile environment against Plaintiff in her employment and her employment relations on the basis of her race and national origin, and in retaliation for her having made complaints about race and national origin discrimination, harassment, or intimidation, and in retaliation for having refused or objected to hostile and discriminatory statements concerning her national origin or race.

8.      At all relevant time periods herein, Defendant's management and supervisors were aware, or should have been aware, of the discriminatory, harassing, and hostile work environment and the retaliatory actions and conduct taken toward Plaintiff. Also, Defendant engaged in, failed to stop, failed to correct, or condoned them such that they are the acts of Defendant.

9.      Each of the managers and supervisors over Plaintiff, were the officers, agents, servants and employees of Defendant, and their acts, errors and omissions, as well as those of other supervisory and management personnel over Plaintiff and her employment, were taken within the

scope of their office, agency, service and employment and were the acts, errors and omissions of Defendant.

**ALLEGATIONS OF FACT COMMON TO ALL COUNTS**

10.    Plaintiff was employed by Defendant on or around October 2010 as a certified nurse's aide / certified medication aide. From the date her employment commenced, Plaintiff was subjected to unwanted harassment and a hostile work environment that was severe and pervasive because of her race or national origin, and was subjected to retaliation because she objected and/or complained about the same.

11.    From October 2010 until the date of her termination, she was subjected to unwelcome, ongoing and pervasive national origin and racial harassment that affected the terms and conditions of her employment, including but not limited to:

a    A white nurse, "Christina M.," told the night staff, which consisted mainly of African-Americans and employees born in Africa, that her job was to "crack the whip," which has obvious negative and racially insensitive overtones.

b    In August 2014, Plaintiff was prevented from taking leave for the death of her mother-in-law without providing 24-hour notice as required. However, Angie Pennington and Emily Raubhaum, who are white, did not need to provide 24-hour notice before taking bereavement leave.

c    Defendant fired several black employees for their failure to abide by Bickford's attendance polices during the 90-day probationary period, including Elizabeth Gicharu and a black nurse named "Nixon." However, "Melissa H.," who is white, did not abide by the same policies and was never disciplined for her attendance.

d   Ms. Gicharu, who is a black woman of African descent, was terminated for poor "communication skills," which was clearly a euphemism for her native accent, and is itself discrimination on the basis of Ms. Gicharu's national origin.

e   White staff members would consistently receive preferential scheduling treatment.

f   White Licensed Practical Nurses, such as Katie Stevens and "Rhonda," were given opportunities that were denied to African-American and/or Africa-born Registered Nurses, despite the obvious differences in skill, expertise, training, and experience that the African-American and/or Africa-born Registered Nurses possessed.

12.    From the commencement of her employment, Plaintiff complained and objected to the conduct of her supervisors and co-employees as outlined, *supra*. During the course of her employment, Plaintiff complained and reported the conduct her supervisors and human resources.

13.    After Plaintiff suffered through discrimination and a hostile work environment on the basis of her race and/or national origin, Plaintiff was terminated for a pretextual reason on February 2, 2015, in that she was falsely accused of letting a resident of Bickford urinate herself.

14.    Plaintiff was terminated for pretextual, untrue, and unfounded reasons and subjected to standards and scrutiny that her non-African coworkers were not and/or to which workers who had not complained or exercised rights under the law were not subjected and were not based upon any legitimate business reason.

15.    With respect to Plaintiff and her employment and termination from employment, Defendant did not follow its established policies and procedures.

16.    The actions and conduct of Defendant and its employees, supervisors and management created a hostile working environment that was severe and pervasive.

17.    Defendant discriminated against Plaintiff on the basis of race and national origin in the harassment that occurred and in the treatment of Plaintiff that altered in the terms and conditions of employment. Defendant allowed retaliation, retribution, and harassment from and by its management after Plaintiff reported and complained about national origin and racial discrimination, harassment, and retaliatory conduct.

18.    Similarly situated non-African employees, and employees who had not complained or reported discrimination or harassment, were not so discriminated against or treated, harassed, subjected to a hostile environment or retaliated against or terminated.

19.    At the time of her termination and at all prior times, Plaintiff was qualified to perform the job she was performing, and could have satisfactorily performed the same if not discriminated, harassed, and retaliated against.

20.    The actions of Defendant and its agents, servants and employees, with reference to Plaintiff, the terms and conditions of her employment, and her termination were wrongful, discriminatory, retaliatory, and were the direct and proximate cause of the injuries and damages Plaintiff suffered.

21.    The actions of Defendant, and its representatives as outlined above, were taken in bad faith, with reckless and callous disregard for Plaintiff's rights, were grossly and wantonly negligent, and exhibited intentional and deliberate indifference to the foreseeable damage and injury sure to be suffered by Plaintiff.

### COUNT I — RACIAL & NATIONAL ORIGIN DISCRIMINATION, HARASSMENT & RETALIATION
### (Title VII, 42 U.S.C. § 2000e; Civil Rights Act of 1991, 42 U.S.C. § 1981a, et. seq.)

22.    The plaintiff incorporates herein by reference Paragraphs 1 through 21 set forth above and additionally alleges and states as follows:

23.    The jurisdiction of the Court in this Count is invoked to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, all of which provide for affirmative relief against racial and national origin discrimination and harassment in employment, as well as termination or loss of employment due to factors motivated by racial and/or national origin discrimination, and retaliation against individuals who object to, oppose, or complain of the same.

24.    All conditions precedent have occurred or been complied with concerning Plaintiff's charge of discrimination, to wit:

    a.    The date of the last discriminatory act and unfair employment practice against the plaintiff occurred on or after February 2, 2015**;**

    b.    Plaintiff timely filed initial charges of race and national origin harassment and retaliation on or about June 1, 2015 with the Equal Employment Opportunity Commission ("EEOC");

    c.    On September 29, 2015 the EEOC issued plaintiff its Right to Sue;

    b.    This Complaint has been filed within 90 days of Plaintiff's receipt of the Right to Sue.

25.    Defendant was an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Defendant at all relevant time periods herein harassed, discriminated, and retaliated against Plaintiff in the matter of her employment and in the terms and conditions of her employment because of her race and national origin and her objection to the same.

26.     Plaintiff, during the course of her employment, was harassed, discriminated against and retaliated against, although there were other similarly situated non-African employees or employees who had not complained, who were not so terminated or treated because Defendant and its management and supervisory personnel followed a continuing policy and practice of discrimination, harassment, and retaliation in employment on the basis of race and national origin and retaliation for complaint or report of the same.

27.     The acts of discrimination, harassment and retaliation against Plaintiff were known or should have been known to Defendant's management personnel and were ratified, condoned, approved or ignored by them.

28.     Plaintiff as a consequence of the conduct of Defendant and its managerial employees, has suffered past and future economic loss, related employment benefits and promotion possibilities, embarrassment, humiliation, indignity, mental and emotional pain, distress, anguish and other general and actual damages.

29.     The conduct of Defendant with respect to Plaintiff and her employment, treatment in her employment, and termination from employment, as outlined above, was so intentional, recklessly indifferent, willful, wanton, malicious and in bad faith so as to entitle Plaintiff to the award of punitive damages, if such is found allowable by law.

WHEREFORE, Plaintiff Rose Sangutei prays this Court award judgment and enter an Order on this count for discrimination, harassment and retaliation on the basis of race and national origin and retaliation against Defendant Bickford Senior Living Group, LLC for the following:

A. A permanent injunction enjoining Defendant, its officers, agents, employees, successors and assigns and all persons in active concert or participating with it, from engaging in any employment practice or conduct of a racial or national origin

discriminatory, or harassing nature, or for retaliatory conduct for opposing, reporting, assisting, or complaining of discrimination or harassment;

B.  Such back wages and related benefits as Plaintiff would have received had she not been wrongfully harassed and terminated in her employment;

C.  Reinstatement to the same or similar position with Defendant with full restoration of benefits, retroactive seniority, and all other emoluments and entitlements, including a prohibition against future retaliation or violations of 42 U.S.C. § 2000e, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a;

D.  Front pay in lieu of reinstatement;

E.  Compensatory or actual damages up to the full amount allowed by law or in the amount of Three Hundred Thousand Dollars ($300,000.00);

F.  Punitive damages in the amount of Three Hundred Thousand Dollars ($300,000.00), if found allowable by law;

G.  Prejudgment interest;

H.  Award of reasonable attorney's fees and costs;

I.  The costs of this action; and

J.  Any and all other affirmative relief or damages against this defendant as may be appropriate and to which Plaintiff may be entitled either at law or at equity.

### COUNT III — RACIAL DISCRIMINATION
### (42 U.S.C. § 1981)

30.    Plaintiff incorporates herein by reference paragraphs 1 through 29 set forth above and additionally alleges and states as follows:

31.    The jurisdiction of this Court in this Count is invoked to secure the protection and to redress the deprivation of rights secured by 42 U.S.C. § 1981, allowing for damages and other

relief to redress the denial of the same rights to make and enforce contract rights to an individual of one race or national origin and under similar circumstances as are accorded to persons of a different race or national origin.

32.    At all relevant time periods herein, Plaintiff was a citizen of the United States and of the State of Missouri, employed in the State of Kansas, and born in Africa.

33.    The acts of harassment and retaliation taken against Plaintiff during the course of her employment by Defendant were taken, although there were other similarly situated individuals not so treated or terminated, because Defendant followed a policy and practice of discrimination and harassment and retaliation in employment on the basis of race and national origin. The defendant intentionally harassed and retaliated against Plaintiff in her employment and terminated her employment because of Plaintiff's race or African national origin.

34.    Defendant by these unfair, unlawful, discriminatory, and harassing employment practices, denied Plaintiff the same right to make and enforce contracts, and deprived Plaintiff of the property rights that under similar circumstances would have been accorded to a person of a different race or national origin.

35.    Plaintiff as a consequence of the conduct of Defendant has suffered past and future economic loss, related employment benefits, and promotion possibilities, embarrassment and harassment, humiliation, loss of reputation, indignity, mental and emotional pain and distress, anguish, and other general damages.

36.    The acts, errors and omissions and wrongful conduct of Defendant were knowing, intentional, and willful so as to entitle Plaintiff to the award of punitive damages allowable under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Rose Sangutei prays this Court award judgment and enter an Order on this count, finding that Defendant Bickford Senior Living Group, LLC violated the provisions of 42 U.S.C. § 1981, and that Plaintiff is entitled to any and all relief provided for by the statute, including:

A. A permanent injunction enjoining Defendant, its officers, agents, employees, successors and assigns and all persons in active concert or participating with it, from engaging in any employment practice or conduct of a racial or national origin discriminatory, or harassing nature, or for retaliatory conduct for opposing, reporting, assisting, or complaining of discrimination or harassment;

B. Such back wages and related benefits as Plaintiff would have received had she not been wrongfully harassed and terminated in her employment;

C. Reinstatement to the same or similar position with Defendant with full restoration of benefits, retroactive seniority, and all other emoluments and entitlements, including a prohibition against future retaliation or violations of 42 U.S.C. § 2000e, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a;

D. Front pay in lieu of reinstatement;

E. Compensatory or actual damages up to the full amount allowed by law or in the amount of Three Hundred Thousand Dollars ($300,000.00);

F. Punitive damages in the amount of Three Hundred Thousand Dollars ($300,000.00), if found allowable by law;

G. Prejudgment interest;

H. Award of reasonable attorney's fees and costs;

I. The costs of this action; and

J.   Any and all other affirmative relief or damages against this defendant as may be

appropriate and to which Plaintiff may be entitled either at law or at equity.


Respectfully submitted,
DANIEL C. MILLER, LLC

By:  _/s/ Matthew E. Terry_____
      Matthew E. Terry, #25659
      618 S.E. 4th Street
      Lee's Summit, MO  64063
      matt@dmillerlawoffice.com
      Telephone:  816-524-8718
      Fax:  816-272-5967

      *Attorney for Plaintiff*


## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff and demands a jury trial upon all of the claims and issues raised in

her Complaint.


By:  _/s/ Matthew E. Terry_____
      Matthew E. Terry, #25659


## DESIGNATION OF PLACE OF TRIAL

COMES NOW Plaintiff and designates Kansas City, Kansas as the place for trial.


By:  _/s/ Matthew E. Terry_____
      Matthew E. Terry, #25659